(111 App. Div. 140)

OWEGO GAS LIGHT CO. v. BOYER.

(Supreme Court, Appellate Division, Third Department. January 8, 1906.)

CORPORATIONS—DUTIES OF PRESIDENT—SALE OF BONDS—LIABILITY TO CORPORATION.

Where bonds were issued by a corporation and turned over to the president to be sold by him, the act of the president in entrusting one-half of the bonds for sale to the vice president was not, in the absence of evidence of negligence or bad faith, a violation of duty on his part, and he

was not bound to account to the corporation for proceeds of the bonds received by the vice president, and used by the latter in improving the property of the corporation.

Appeal from Special Term.

Action by the Owego Gas Light Company against William D. Boyer. From the judgment rendered, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and KELLOGG, JJ.

George S. Sheppard, for appellant.
H. Austin Clark, for respondent.

JOHN M. KELLOGG, J. The defendant was the president of the plaintiff's corporation, and by resolution of its board of directors duly passed, reciting that it was indebted to various persons aggregating about $14,000, and that it desired to pay such indebtedness and to increase and improve its plant and extend its business, and for the purpose of raising funds for those purposes, it was resolved that the corporation issue and sell its bonds, aggregating $50,000, to be secured by mortgage upon its plant, and the president and treasurer were empowered and directed to execute the same and to affix the corporate seal thereto. And it was also resolved that the balance of the stock unissued, viz., $12,700, be issued and disposed of for the benefit of the corporation. The certificate of stock and the bonds were duly executed by the proper officers. The stock certificate was made out in the name of the treasurer, to be held, and it does not appear that it ever has been issued, sold, or transferred. It is now in the plaintiff's hands canceled, and there is nothing to show that any other certificate was ever issued in place of it. The defendant never had it, or any benefit from it.

After the bonds were duly executed, the treasurer sent them to the defendant who resided at Scranton, Pa., and he sold $25,000 par value of them, at a discount, and accounted for the proceeds thereof, except $2,000 which he reserved for his services with reference thereto, which sum is charged against him by the judgment appealed from, and no appeal has been taken from the judgment in that respect. The other $25,000 of bonds he turned over to the vice president of said company to be sold for the company, such vice president being also the active superintendent of construction and repairs, having in charge the work of increasing and improving the plant of the company. The vice president delivered $3,000 of the bonds to the treasurer to be sold by him, and sold the balance of the bonds and turned over $6,850 of the proceeds to the treasurer, and he expended other sums upon the property the amount and details of which do not appear.

The appellant complains of the judgment, for the reason that it did not charge upon the defendant the duty of accounting for the proceeds of the bonds, sold by the vice president, and charge him with the same. It does not appear what duties the by-laws of the company charged upon the various officers. The treasurer was the financial officer, and undoubtedly the vice president was charged with the duty of assisting the president and performing any duties devolved upon

the president in his absence. The resolution under which the bonds were issued, directed their issue and sale, and that the president and treasurer execute them. While it does not state who is to sell them, it is evident that some of the officers must perform that duty. Clearly, neither the stockholders nor the board of directors were expected to make a sale of the bonds; it must be done by some one, and it is not apparent that this duty fell more directly upon any one than upon the president and by his direction the vice president, especially after the financial officer had turned the bonds over to the president for sale. It was not improper or a breach of trust for the treasurer to turn the bonds over to the president for sale, and the president having received the bonds out of the state, and being out of the state and unable, as he felt, to dispose of all of them advantageously, violated no duty in requiring the vice president to perform the act of selling some of the bonds. There is no charge that it was a negligent or improper act to turn them over to the vice president, or that the vice president has made any improper use of them, or that the company has not in fact had the benefit of them; so there is no claim that the bonds were negligently and collusively turned over to the vice president against the real interests of the company; assuming, as the evidence shows, that the president acted in good faith in turning the bonds over to the vice president for sale, he being the party superintending and carrying on the improvements and repairs for which the bonds were authorized, the defendant has sufficiently accounted for the bonds and is not called upon further to account for the proceeds received by the vice president.

The judgment is affirmed, with costs. All concur.